IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JESUS VILLANUEVA, | Cause No. CV 24-132-BLG-DLC |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN, WARDEN OF THE MONTANA STATE PRISON, and, AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Jesus Villanueva ("Villanueva"), a state prisoner proceeding without counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 11.) On February 19, 2025, an order issued directing Villanueva to show cause as to why the matter should not be dismissed as untimely and procedurally defaulted. (Doc. 13.) Villanueva was informed that a failure to make an adequate showing as to either issue or a failure to respond would result in dismissal of the petition. (*Id*. at 4-9.) The order explained in detail the showing Villanueva would be required to make in order for his claims to be considered. After being granted an extension of time, Villanueva filed his response. *See*, (Docs. 18 & 19.)

This Court considered Villanueva's response to the show cause order and

1

ultimately determined that the petition was untimely and that Villanueva failed to provide a basis to excuse his late filing. (Doc. 20 at 4-12.) The matter was dismissed on August 27, 2025. *See*, Judg. (Doc. 21.)

On December 1, 2025, Villanueva filed a motion for reconsideration. (Doc. 22.) The motion was prepared with the assistance of another inmate, Dustin J. Lundvall. (*Id*. at 5.) He seeks another opportunity to respond to the show cause order alleging that mail was withheld from him, that he was assaulted and placed in protective custody, and that individuals assisting him with his federal filings were doing so in "bad faith." Specifically, it is asserted in the motion that Villanueva's state postconviction petition was signed on June 21, 2022, and that the dates was later changed somehow to June 21, 2023, making his state filing untimely. (*Id*. at 3-4.) Apparently, Villanueva takes issue with a finding that his postconviction petition was filed in the state district court on February 6, 2023, as he asserts the document was signed and dated June 21, 2022. (*Id*. at 4.) He surmises that the original petition he sent to the district court may have been held on to or hidden by the district court and, accordingly, he had to resend a second postconviction petition in January of 2023. (*Id*. at 4-5.) Thus, he asserts that he should be found to have filed timely.

As a preliminary matter, Villanueva has not provided a legal basis for this Court to reconsider its prior order, such as Rule 59 or Rule 60 of the Federal Rules

2

of Civil Procedure. Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 99th Cir. 2000)(quotation omitted).

A motion for reconsideration under Rule 59(e) to alter or amend the judgment must be filed no later "than 28 days after the entry of judgment." Villanueva's motion was filed more than three months after entry of judgment; accordingly, this Rule is inapplicable.

Rule 60(b) allows the Court to relieve a party from an order in several narrow circumstance, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacate or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Court will consider Villanueva's motion under the general provision of Rule 60(b)(6).

Under Rule 60(b)(6) a motion must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Relief may only be granted where the petitioner has

diligently pursued review of his claims. *Lehman v. United States*, 154 F. 3d 1010, 1017 (9th Cir. 1998)("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)."). Additionally, a movant seeking relief under Ruled 60(b)(6) must show "extraordinary circumstances" justifying reopening a final judgment. *Ackerman v. United States*, 340 U.S. 193, 199 (1950). The Ninth Circuit cautioned this rule is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc*., 452 F. 3d 1097, 1103 (9th Cir. 2006).

"What constitutes a reasonable time [under Rule 60(b)(6)] depends on the facts of the case." *In re Pacific Far East Lines, Inc*., 889 F. 2d 242, 249 (9th Cir. 1989). "To evaluate whether a party's delay in filing a Rule 60(b) motion was reasonable, we consider the party's ability to learn earlier of the grounds relied upon, the reason for the delay, the parties' interests in finality of the judgment, and any prejudice caused to parties by the delay." *Bynoe v. Baca*, 966 F. 3d 972, 980 (9th Cir. 2020).

In the instant matter, the Court provided Villanueva multiple opportunities to present his claims. When he failed to file an amended petition, the matter was dismissed. (Doc. 6.) After receiving a motion for reconsideration, the matter was reopened, and Villanueva was allowed to file an amended petition. (Doc. 10.) He

was then provided four months to respond to the show cause order. See, (Docs. 13, 15, 17.) Once the matter was dismissed, Villanueva took no action for over three months. The record before the Court demonstrates that Villanueva failed to act diligently in pursuing review of his claims. Accordingly, the motion appears to be untimely.

But even if the Court were to find the motion timely, Villanueva fails to demonstrate "extraordinary circumstances" warranting relief. He suggests a miscalculation of his filing dates in the state courts. Based upon Villanueva's motion, the Court has independently reviewed the state court docket regarding Villanueva's postconviction proceedings, *Villanueva v. State*, Cause No. DV-2023-150-PR. *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue).

The state district court received Villanueva's pro se petition on February 6, 2023. *See Villanueva v. State*, Cause No. DV-2023-150-PR, ROA, (Filing #1).[1] A review of Villanueva's postconviction petition reveals that it was signed and dated on January 1, 2023.[2] See *Villanueva v. State*, Cause No. DV-2023-150-PR, Pet., (Filed Jan. 1, 2023). Despite Villanueva's contention to the contrary, there is no

---

[1] For purposes of clarity, a copy of this document will be attached to this Order.
[2] A copy of this document will also be attached.

indication of an earlier filing in the court's records.  Moreover, in Villanueva's postconviction petition he does not reference a prior filing or petition.

In short, the bases for relief provided by Villanueva do not establish "extraordinary circumstances" warranting relief from judgment under Rule 60(b)(6).

Based upon the foregoing, IT IS HEREBY ORDERED that Villanueva's Motion for Reconsideration (Doc. 22) is DENIED.

The Clerk of Court is directed to attach a copy of Villanueva's Postconviction Petition and the Report of Action from his state case, *Villanueva v. State*, Cause No. DV-2023-150-PR, as exhibits to this Order.

DATED this 29th day of January, 2026.

>*/s/ Dana L. Christensen*
> Dana L. Christensen
> United States District Court Judge